UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DENNIS OBADO,** | Civil Action No. 22-1563 (FLW) |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| **JANE DOE, et. al,** | |
| Respondents. | |

This matter having been opened by Petitioner Dennis Obado's ("Petitioner") filing of a *pro se* Petition for a writ of habeas corpus pursuant to 28 U.S.C. 2241, ECF No. 1, an application to proceed *in forma pauperis*, ECF No. 1-1, a motion for pro bono counsel, ECF No. 2, and a motion to compel[1] Respondents to respond to Petitioner's allegations.[2] ECF No. 6. At this time, the Court will grant Petitioner's application to proceed *in forma pauperis*. ECF No. 1-1.

---

[1] The motion to compel primarily seeks information related to Petitioner claims and regarding warrants allegedly issued by the Foreign Intelligence Surveillance Court ("FISA") in connection with the alleged surveillance of Plaintiff. FISA was established by Congress in 1978 and entertains applications made by the United States Government for approval of electronic surveillance, physical search, and certain other forms of investigative actions for foreign intelligence purposes. *See* FISA website, available at https://www.fisc.uscourts.gov/ (last visited October 4, 2022).

[2] On September 22 and September 26, 2022, Petitioner submitted duplicate documents captioned "PETITIONER'S CONFIDENTIAL AMENDED NOTICE OF APPEAL, AS WITHIN TIME, FOR "CONTINUOUS" ARBITRARY RESTRAINTS OF LIBERTY, AND VIOLATIONS OF CONSTITUTIONAL RIGHTS." *See* ECF Nos. 4-5. The Clerk's Office docketed one of these submissions as an Amended Petition. *See* ECF No. 4. Upon review, however, the Court finds that this submission is not an Amended Petition, and appears to be an attempt to appeal this action prior to the issuance of a screening decision. A notice of appeal from an unappealable order does not deprive the district court of jurisdiction. *Sheet Metal Workers' Intern. Ass'n Local 19 v. Herre Bros., Inc.*, 198 F.3d 391, 394 (3d Cir. 1999) (citations omitted). Similarly, the Court assumes it is not deprived of jurisdiction over this matter due to Petitioner's notice of appeal, as the Court has not yet issued any Orders, final or otherwise. Petitioner, however, is free to file an notice of appeal of the Order accompanying this decision within the timeframe provided by the Federal Rules of Appellate Procedure.

Federal district courts are required under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which is applicable to § 2241 petitions pursuant to Rule 1(b), to screen and summarily dismiss a habeas petition prior to the answer when the petition "appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (explaining habeas petitions may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief"). For the reasons explained herein, the Court dismisses the Petition for lack of jurisdiction, and denies the motions for counsel and to compel as moot.

In Grounds One and Two of the Petition, Petitioner contends that Donald Trump is contaminating his food and beverages. Petition at 7-8. Petitioner also contends that Donald Trump is operating a human trafficking scheme in retaliation for Petitioner's challenge to his criminal conviction during the period from 1998-2017. *See id.* Petitioner further alleges that Donald Trump has hired a "foreigner" identified as Jane Doe to violate Petitioner constitutional rights by breaking and entering into Petitioner's home and contaminating his food. *See id.* In addition to contaminating Petitioner's food and beverages, Jane Doe has accessed Petitioner's propriety documents. *See id.*

In Ground Three of the Petition, Petitioner alleges that Donald Trump has also withheld information about Petitioner's offspring, prevented him from contacting family members, and deprived him of their economic assistance. *Id.* at 8. Donald Trump has also allegedly exposed Petitioner to "hiv [sic] infected females" and "socially marginalized" Petitioner by placing him under continuous domestic surveillance. *See id.* Petitioner contends that this surveillance is a severe restraint on his liberty. *Id.*

In Ground Four, Petitioner alleges that Donald Trump has interfered with his civil and criminal cases, in violation of the separation of powers, used Jane Doe to deprive Petitioner of his civil rights, and subjected Petitioner to continuous surveillance in violation of his Fourth Amendment and privacy rights. *See id.* at 9.

In 2017, Petitioner filed a similar petition seeking relief under § 2241. *See Obado v. United States Gov't*, No. 17-1943, 2017 WL 1536418, at *1 (D.N.J. Apr. 27, 2017), dismissal aff'd, No. 17-2116, 2017 WL 5564552 (3d Cir. Aug. 9, 2017). On April 27, 2017, the District Court summarily dismissed Petitioner's amended habeas petition for lack of jurisdiction finding that Petitioner was not "in custody" at the time he filed his habeas petition. *See id.* at *2. On appeal, the Third Circuit agreed and affirmed. *See Obado*, 2017 WL 5564552, at *1. Plaintiff has since filed additional cases, including a recent Petition styled as a mandamus action, *See* Civ. No. 21-1040, Obado v. Superior Court of New Jersey. On January 31, 2022, the Court granted Petitioner's application to proceed *in forma pauperis*, and dismissed that action pursuant to its screening authority under 28 U.S.C. § 1915(e)(2)(B). *See* 21-1040 at ECF No. 9.

Petitioner's current § 2241 Petition suffers from the same defect as it did in 2017; Petitioner has not established that he "in custody" in violation of the Constitution or laws of the United States. *See Obado*, 2017 WL 1536418, at *2. The "in custody" requirement is "the passport to federal habeas corpus jurisdiction." *Bonser v. Dist. Attorney Monroe Cty.*, 659 F. App'x 126, 127 (3d Cir. 2016) (quoting *United States ex rel. Dessus v. Pennsylvania*, 452 F.2d 557, 560 (3d Cir. 1971)). "The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Hensley v. Mun. Court, San Jose Milpitas Judicial Dist.*, 411 U.S. 345, 351 (1973). The "in custody" language does not require that an individual be physically confined, but does require

significant restraints on liberty along with continuing government supervision. *See e.g., Jones v. Cunningham*, 371 U.S. 236 (1963) (prisoner who is on parole is "in custody"); *Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003) ("The meaning of 'custody' has been broadened so that it is no longer limited in the § 2254(a) context to physical custody alone but also applies where individuals are subject both to 'significant restraints on liberty . . . which were not shared by the public generally,' along with 'some type of continuing governmental supervision.'") (citing *Barry v. Bergen County Probation Dept.*, 128 F.3d 152, 160 (3d Cir. 1997)); *see also Maleng v. Cook*, 490 U.S. 488, 491 (1989) (prisoner placed on parole is still in custody because his "release from physical confinement under the sentence in question was not unconditional; instead, it was explicitly conditioned on his reporting regularly to his parole officer, remaining in a particular community, residence, and job, and refraining from certain activities"); *Hensley*, 411 U.S. at 351 (release on own recognizance constitutes custody because, among other things, petitioner is subject to "restraints not shared by the public generally," the obligation to appear at times and places ordered by a court, and because "[h]is freedom of movement rests in the hands of state judicial officers"). The "'in custody' jurisdictional requirement is determined as of the date the petition is filed in the district court." *United States ex rel Wojtycha v. Hopkins*, 517 F.2d 420, 423 n.6 (3d Cir. 1975) (citations omitted).

Here, Plaintiff does not allege that he is confined pursuant to a judgment of conviction or on pending criminal charges, on parole or probation (or a similar status), in immigration detention, or otherwise being subjected to significant restraints on liberty along with continuing government supervision. Rather, he contends that former President Trump has subjected him to electronic surveillance, interfered with his family relationships, and has directed a Jane Doe

4

individual to break into his home to poison his food and drink and steal his property.  These allegations do not establish that Petitioner is "in custody" for purposes of habeas relief.

Because Plaintiff does not meet the requirement for habeas custody, the Court will dismiss the § 2241 Petition for lack of jurisdiction.  The Court will also direct Petitioner to show cause as to why the Court should not issue a filing injunction to prevent Petitioner from filing new § 2241 petitions about the purported electronic surveillance, searches and seizures in his home, deprivation of his property, and the poisoning of his food and drink.  The Court notes, however, that the dismissal of this § 2241 Petition is without prejudice to Plaintiff's filing of a new civil rights action in federal or state court regarding his claims.[3]

Finally, the Court denies the request for counsel and the motion to compel as moot in light of the dismissal of the Petition at screening.[4]  An appropriate Order follows.

s/Freda L. Wolfson
Freda L. Wolfson
U.S. Chief District Judge

---

[3] In this regard, Petitioner's allegations about Donald Trump and Jane Doe, as currently drafted, appear delusional, and, if Plaintiff seeks and receives permission to proceed *in forma pauperis*, a new Complaint filed in federal court may be dismissed as frivolous under the Court's screening authority.  *See Neitzke v. Williams*, 490 U.S. 319, 325, 327-28 (1989) (noting that a claim that is fanciful, fantastic, or delusional is factually frivolous); *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)("A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."); *Ackerman v. Mercy Behavior Health*, 621 F. App'x 711, 713 (3d Cir. 2015), ("It is appropriate to make a finding of factual frivolousness 'when the facts alleged rise to the level of the irrational or the wholly incredible[.]'") (citing *Denton*, 504 U.S. at 33).

[4] In this regard, the Court notes that Petitioner appears to contend that his prior petitions have been dismissed because he lacks knowledgeable counsel with "security clearance."  To be clear Plaintiff's prior petitions have not been dismissed because he lacks competent counsel.  Instead, Plaintiff's allegations are not cognizable in a habeas petition and are dismissed for that reason.